J-S48027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH ANTHONY STEVENS | |
| Appellant | No. 252 MDA 2017 |

Appeal from the Judgment of Sentence Entered September 16, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at Nos: CP-40-CR-0000214-2016; CP-40-CR-0001072-2016; and CP-40-CR-0001088-2016

BEFORE:  OTT, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                 **FILED OCTOBER 20, 2017**

Appellant Joseph Anthony Stevens appeals from the September 16, 2016 judgments of sentence entered in the Court of Common Pleas of Luzerne County ("trial court"), following his guilty plea to access device fraud at docket number 214-2016, forgery and criminal conspiracy to commit access device fraud at docket number 1072-2016, and access device fraud and receiving stolen property at docket number 1088-2016. Appellant's counsel has filed a petition to withdraw, alleging that this appeal is wholly frivolous, and filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa.

_____

[*] Retired Senior Judge assigned to the Superior Court.

2009).  For the reasons set forth below, we affirm Appellant's judgments of sentence, and grant counsel's petition to withdraw.

The facts and procedural history of this case are undisputed.  Briefly, following Appellant's open guilty plea to the foregoing crimes,[1] the trial court, on September 16, 2016, sentenced him to 21 to 42 months' imprisonment at docket number 214-2016 for access device fraud, graded as a first-degree misdemeanor.  At docket number 1072-2016, the trial court sentenced Appellant to 21 to 42 months' imprisonment for conspiracy to commit access device fraud and a concurrent sentence of 12 to 24 months' imprisonment for forgery.  At docket number 1088-2016, the trial court sentenced Appellant to 24 to 48 months' imprisonment for access device fraud and concurrent sentence of 6 to 12 months in prison for receiving stolen property.  The trial court ordered the sentences at these

_____

[1] At docket number 214-2016, Appellant agreed that, on December 8, 2015, he used a stolen credit card belonging to victim Jeffery Kulsa to make several unauthorized transactions totaling $647.83 at various stores.  *See* N.T. Guilty Plea, 6/10/16, at 7.  At docket number 1072-2016, Appellant agreed that, on December 8, 2016, he, along with an accomplice, used without permission a credit card belonging to another victim to make purchases totaling $684.76.  *Id.* at 8.  At docket number 1088-2016, Appellant agreed that, on December 10, 2015, he used without permission a stolen credit card belonging to victim Anthony Porreca to make unauthorized purchases.  *Id.* at 8-9.

In exchange for Appellant's pleading guilty, the Commonwealth withdrew one count of conspiracy at docket number 214-2016; one count of receiving stolen property and one count of access device fraud at docket number 1072-2016; and one count of forgery at docket number 1088-2016.

separate dockets to run consecutively. Accordingly, the trial court sentenced Appellant to an aggregate term of 66 to 132 months in prison. On September 26, 2016, Appellant filed post-sentence motions, claiming that his sentence was "too harsh and severe." Motion for Reconsideration of Sentence, 9/26/16, at ¶ 3(a). On January 4, 2017, the trial court denied Appellant's post-sentence motion, concluding that "[t]he sentences imposed upon [Appellant] are all within the standard range." Trial Court Order, 1/4/17. Appellant timely appealed to this Court. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Instead of filing a court-ordered Rule 1925(b) statement, Appellant's counsel filed a statement of intent to file an *Anders* brief under Pa.R.A.P. 1925(c)(4).[2] In response, the trial court issued a three-page Pa.R.A.P. 1925(a) opinion.

---

[2] Rule 1925(c)(4) provides:

> In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an [*Anders*] brief in lieu of filing a Statement. If, upon review of the [*Anders*] brief, the appellate court believes that there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to Rule 1925(a), or both. Upon remand, the trial court may, but is not required to, replace appellant's counsel.

Pa.R.A.P. 1925(c)(4).

On May 19, 2017, Appellant's counsel filed in this Court a motion to withdraw as counsel and filed an **Anders** brief, wherein counsel raises a single issue for our review:

> Whether the imposition of an aggregate 66 month to 132 month sentence in a state correctional institution is harsh and excessive when [Appellant] took responsibility by pleading guilty and has a history of drug addiction leading to [Appellant's] poor decisions.

**Anders** Brief at 1.

When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first examining counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). It is well-established that, in requesting a withdrawal, counsel must satisfy the following procedural requirements: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) provide a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel, proceed *pro se* or raise additional arguments that the defendant considers worthy of the court's addition. **Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa. Super. 2009).

Instantly, counsel's petition to withdraw from representation provides that counsel reviewed the record and concluded that the appeal is frivolous. Furthermore, counsel notified Appellant that she was seeking permission to withdraw and provided Appellant with copies of the petition to withdraw and

her ***Anders*** brief. Counsel also advised Appellant of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention. Accordingly, we conclude that counsel has satisfied the procedural requirements of ***Anders***.

We next must determine whether counsel's ***Anders*** brief complies with the substantive requirements of ***Santiago***, wherein our Supreme Court held:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. Here, our review of counsel's brief indicates that she has complied with the briefing requirements of ***Santiago***. We, therefore, conclude that counsel has satisfied the minimum requirements of ***Anders***/***Santiago***.

Once counsel has met her obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5. Thus, we now turn to the merits of Appellant's appeal.

Appellant's issue *sub judice* challenges only the discretionary aspects of sentencing.[3] Appellant argues that the trial court abused its discretion in sentencing him to an aggregate term of 66 to 132 months' imprisonment because the sentence was inappropriately harsh and excessive. Put differently, Appellant claims that the trial court abused its discretion in running his sentences at the three different dockets consecutively.

"Initially, we note that when a defendant enters a guilty plea, he or she waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed." *Commonwealth v. Stradley*, 50 A.3d 769, 771 (Pa. Super. 2012) (citation omitted). "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011) (citation omitted). "However, when the plea agreement is open,

_____

[3] When reviewing a challenge to the trial court's discretion, our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa. Super. 2012) (quoting *Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa. Super. 2002)), *appeal denied*, 64 A.3d 630 (Pa. 2013).

containing no bargained for or stated term of sentence, the defendant will not be precluded from appealing the discretionary aspects of h[is] sentence."[4] ***Commonwealth v. Roden***, 730 A.2d 995, 997 n.2 (Pa. Super. 1999) (citation omitted).

It is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id.*** at 170 (citing ***Commonwealth v. Evans***, 901 A.2d 528 (Pa. Super. 2006)). Whether a particular issue constitutes a substantial question about

---

[4] The record in this case reveals that Appellant entered into an open guilty plea.

the appropriateness of sentence is a question to be evaluated on a case-by-case basis. **See Commonwealth v. Kenner**, 784 A.2d 808, 811 (Pa. Super. 2001), **appeal denied**, 796 A.2d 979 (Pa. 2002).

Here, Appellant has satisfied the first two requirements of the four-part **Moury** test. Appellant filed a timely appeal to this Court, and preserved the issue on appeal through his post-sentence motions. Appellant, however, has failed to include a Rule 2119(f) statement in his brief.[5] It is settled that "[a] failure to include the Rule 2119(f) statement does not automatically waive an appellant's argument; however, we are precluded from reaching the merits of the claim when the Commonwealth lodges an objection to the omission of the statement." **Commonwealth v. Love**, 896 A.2d 1276, 1287 (Pa. Super. 2006), **appeal denied**, 940 A.2d 363 (Pa. 2007). Instantly, we decline to find waiver based on Appellant's omission of a Rule 2119(f) statement because the Commonwealth did not object to the omission.

We now turn to the fourth part of the **Moury** test, *i.e.*, we must determine if Appellant's sentencing issue raises a substantial question. The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa.

---

[5] Rule 2119(f) provides that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f).

Super. 2007). We have found that a substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Phillips**, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted), **appeal denied**, 964 A.2d 895 (Pa. 2009).

It is settled that this Court does not accept bald assertions of sentencing errors. **See Commonwealth v. Malovich**, 903 A.2d 1247, 1252 (Pa. Super. 2006). We consistently have recognized that bald excessiveness claims premised on imposition of consecutive sentences do not raise a substantial question for our review. **See Commonwealth v. Caldwell**, 117 A.3d 763, 769 (Pa. Super. 2015) (*en banc*) (stating, "[a] court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question[ ]"), **appeal denied**, 126 A.3d 1282 (Pa. 2015); **see also Commonwealth v. Ahmad**, 961 A.2d 884, 887 n.7 (Pa. Super. 2008); **Commonwealth v. Pass**, 914 A.2d 442, 446-47 (Pa. Super. 2006). Appellant here claims only that, because the trial court ordered his sentences to run consecutively, his aggregate sentence was harsh and excessive. Consistent with the foregoing cases, we conclude that Appellant failed to raise a substantial question with respect to his excessiveness claim premised on the imposition of consecutive sentences. **See Commonwealth v. Fisher**, 47 A.3d 155, 159 (Pa. Super. 2012) ("[A] bald assertion that a sentence is excessive does not itself raise a

substantial question justifying this Court's review of the merits of the underlying claim."), ***appeal denied***, 62 A.3d 378 (Pa. 2013); ***see also Commonwealth v. Bromley***, 862 A.2d 598, 604 (Pa. Super. 2004) (explaining defendant did not raise a substantial question by merely asserting sentence was excessive when he failed to reference any section of Sentencing Code potentially violated by the sentence), ***appeal denied***, 881 A.2d 818 (Pa. 2005).

Even if we were to determine that Appellant's discretionary aspect of sentencing claim raised a substantial question, we still would conclude that he is not entitled to relief. "Although Pennsylvania's system stands for individualized sentencing, the court is not required to impose the 'minimum possible' confinement." ***Moury***, 992 A.2d at 171 (citation omitted). "Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question." ***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013); ***see also*** 42 Pa.C.S.A. § 9721(a) (providing that the court may impose sentences "consecutively or concurrently"); ***Commonwealth v. Johnson***, 873 A.2d 704, 709 n.2 (Pa. Super. 2005) (noting that challenges to the trial court's discretion to impose consecutive or concurrent sentences ordinarily does not raise a substantial question); ***Commonwealth v. Hoag***, 665 A.2d 1212, 1214 (Pa. Super. 1995) (stating that an appellant is not

entitled to a "volume discount" for his crimes by having all sentences run concurrently). "The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Moury*, 992 A.2d at 171-72 (citation omitted).

Instantly, as mentioned, Appellant requests a volume discount for committing multiple crimes over a short period time because he claims that he has accepted responsibility and committed those crimes under the influence of drugs. Appellant's Brief at 5. Other than this bald assertion, Appellant makes no attempt to articulate any other reasons why the consecutive sentences in this case are harsh and excessive. Moreover, Appellant does not argue that his aggregate sentence of 66 to 132 months' imprisonment represents an "extreme circumstance." On the contrary, Appellant acknowledges that his sentence for each crime was in the standard range of the guidelines. Thus, we conclude that the trial court acted within its discretion in imposing consecutive sentences after reviewing the record and the presentence investigation report ("PSI") *sub judice*. We note that

> [w]here the sentencing court had the benefit of a [PSI], we can assume the sentencing court was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.

***Commonwealth v. Griffin***, 65 A.3d 932, 937 (Pa. Super. 2013) (citations and internal quotation marks omitted), ***appeal denied***, 76 A.3d 538 (Pa. 2013). Indeed, Appellant's counsel at sentencing acknowledged that Appellant's prior record was "fairly extensive." N.T. Sentencing, 9/26/16, at 9. Discerning no abuse of discretion by the trial court, we will not disturb Appellant's sentences on appeal.

We have conducted an independent review of the record and addressed Appellant's argument on appeal. Based on our conclusions above, we agree with counsel that the sentencing issue Appellant seeks to litigate in this appeal is wholly frivolous. Also, we do not discern any non-frivolous issues that Appellant could have raised. We, therefore, grant counsel's petition to withdraw and affirm the judgments of sentence.

Judgments of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2017